UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

OSIRIS MOSLEY a/k/a ELTON MOSLEY,

                    Plaintiff,

-vs-                                    DECISION & ORDER
                                                             03-CV-6362

ANTHONY DEPERIO, et al,

                    Defendants

---

**APPEARANCES**

For Plaintiff:                          Osiris Mosley, *pro se*
                                        02-A-3565
                                        Wyoming Correctional Facility
                                        3203 Dunbar Road
                                        P.O. Box 501
                                        Attica, NY 14011-0501

For Defendants:                      Gary Levine, A.A.G.
                                        New York State Office of the Attorney General
                                        144 Exchange Boulevard, Suite 200
                                        Rochester, NY 14614
                                        (585) 546-7430

**INTRODUCTION**

This is an action pursuant to 42 U.S.C. § 1983, brought by plaintiff acting *pro se*, in which he contends that defendants violated his right as guaranteed by the Eighth Amendment to the U.S. Constitution. Now before the Court is defendants' motion [26] for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons that follow, the application is granted.

## BACKGROUND

At all times relevant to this lawsuit plaintiff was an inmate at Wyoming Correctional Facility ("Wyoming"). On January 11, 2003, while working on the prison farm, plaintiff was allegedly kicked in the head by a cow. Between January 11, 2003, and May 9, 2003, he was seen on numerous occasions by the facility medical staff, including both doctors and nurses, for complaints of headaches. However, although plaintiff was examined and prescribed different pain medications, his complaints of headaches persisted.

On May 9, 2003, plaintiff was seen by Nurse Mohring ("Mohring") for his recurring complaint of headaches. Mohring told plaintiff that he would be seen by a doctor, and she listed his need to see a physician as a level three, with level one being the most serious, and level three the least serious. On May 10, 2003, plaintiff was seen by an optometrist with regards to whether his vision was causing his headaches, and was subsequently issued glasses. Plaintiff was also seen by two nurses, Nurse Wheeler ("Wheeler") on May 12, 2003, and Nurse Almeter ("Almeter") on May 27 and 29, 2003, regarding his headaches. Plaintiff filed a grievance dated May 28, 2003, in which he complained about the delay in being seen by a doctor. On June 4, 2003, the Inmate Grievance Resolution Committee ("IGRC") found the grievance to be beyond the scope of the IGRC mechanism, and on June 5, 2003, plaintiff appealed to the Superintendent of Wyoming. On June 9, 2003, Deputy Superintendent Elmore ("Elmore") denied the appeal, and on June 10, 2003, plaintiff appealed the Deputy Superintendent's decision to the Central Office Review Committee ("CORC"). On July 9, 2003, CORC issued a decision in which it upheld Elmore's decision, and asserted that plaintiff was receiving proper medical care, noting that

he had eyeglasses on order, and was receiving pain medication. CORC further commented that the monetary compensation sought by plaintiff is not a remedy through the inmate grievance mechanism. Plaintiff was, in fact, seen by a medical doctor, Dr. DePerio ("DePerio") on June 9, 2003, and upon examining plaintiff, DePerio prescribed pain medication for him.

Defendants filed their Notice of Motion on May 19, 2004 [26], and served plaintiff on the same day by U.S. Mail. The document contained the following language pursuant to *Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001):

> PLEASE NOTE that pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon your complaint but you must respond, by affidavits or as otherwise provided in that rule, setting forth specific facts showing that there is a genuine issue of material fact for trial. Any factual assertions arising out of the exhibits attached to defendant's counsel's affidavit will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting those assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial.
>
> NOTE also that Local Rule 56 of the Western District of New York requires that you must include a separate short and concise statement of any material facts as to which you contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in defendant's Rule 56 Statement will be deemed admitted.

(Defs.' Notice of Motion at 2.)

### STANDARDS OF LAW

*Summary Judgment*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied."11 MOORE'S FEDERAL PRACTICE, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249; *see also*, FED. R. CIV. P. 56(e)("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir.1993). The parties may only carry their respective burdens by

producing evidentiary proof in admissible form. FED. R. CIV. P. 56(e). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). A court should read a *pro se* litigant's papers liberally, interpreting them "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

### Eighth Amendment

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted." U.S. CONST. amend. VIII. The Eighth Amendment has also been held to apply to conditions of incarceration, including administration of medical care.

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wonton infliction of pain" *Gregg v. Georgia,* 482 U.S. 153, 173 (1976), proscribed by the Eighth Amendment. This is true whether the indifference is manifested by the prison doctors in response to the prisoner's needs, or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). In addition, the Supreme Court has held:

> Our cases have held that a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, "sufficiently serious[.]" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). . . . The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishments Clause, a prison official must have a "sufficiently culpable state of mind." *Wilson*, 501 U.S. at 297.

*Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The court further stated:

> We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the

> inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

## ANALYSIS

The first, or objective, prong of the test for Eighth Amendment violations requires plaintiff to prove that the injury allegedly suffered is serious. *Farmer*, 511 U.S. at 834. Here, plaintiff has offered only conclusory statements, rather than evidentiary proof that his headaches constitute a serious medical condition. Plaintiff cites several cases which essentially hold that a condition is serious if it has been diagnosed by a physician as requiring treatment, or is obvious to a layperson. *Johnson v. Busbee*, 953 F.2d 349, 351 (8th Cir. 1991); *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990); *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980). These cases, however, are inapposite to the case at bar.

In *Johnson*, the Eighth Circuit, affirming a judgment entered after a jury verdict, stated, "[f]inally, the instruction defining serious medical need was proper. Defendants could not act with deliberate indifference to medical problems that were not obvious or diagnosed." This sentence hardly supports plaintiff's position that the objective prong of an Eighth Amendment claim is met if a medical doctor makes a diagnosis. Moreover, the instruction given to the jury was not detailed in the circuit court's decision; thus, there is no basis to conclude that the circuit court was holding that a mere diagnosis is sufficient to meet the objective standard. In *Gaudreault*, the plaintiff complained that he had been

arrested and held for ten hours before being provided with medical care. In upholding the district court's grant of summary judgment to the defendants, the First Circuit stated:

> The doctors and nurses who examined Gaudreault on the morning after his arrest, in short, found him bruised but unbroken, requiring no more medical care than a sling, an eye-patch and the application of some disinfectant. If that was all the medical professionals could find to treat, we do not think that Gaudreault's jailers could be required to see more. While Gaudreault's injuries may have been "obvious" in the sense that his bruises and abrasions were visible, the medical record demonstrates that he did not display any needs so patent as to make lay persons such as Officer Tucker, Captain Wrigley or Lieutenant Oulette remiss in failing to arrange for immediate medical attention.

*Gaudreault*, 923 F.2d at 208. This case actually supports defendants' position, that plaintiff's needs were not so patent that any delay in having plaintiff seen by a medical doctor was tantamount to an Eighth Amendment constitutional violation.

In *Lanzaro*, the Third Circuit was concerned about the defendants erecting barriers to treatment. The plaintiff was challenging the county's policy of requiring pregnant inmates desiring an abortion to pay for the procedures themselves. Upholding a preliminary injunction, the Third Circuit held that, "[d]eliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to suffering inmates.'" *Lanzaro*, 834 F.2d at 347 (*quoting Todaro v. Ward*, 565 F.2d 48, 53 (2d Cir. 1977)). In *Ramos*, 639 F.2d at 575, the Tenth Circuit, addressing an appeal from a certified class action, held that,

> In class actions challenging the entire system of health care, deliberate indifference to inmates' health needs may be shown by proving repeated examples of negligent acts which disclose a pattern of conduct by the prison medical staff ..., or by proving there are such systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care.... Much of the evidence presented at trial is relevant to this last standard of "deliberate indifference."

*Ramos*, 639 F.2d at 575 (citations omitted).

In contrast to the situations in *Lanzaro* and *Ramos*, plaintiff here was seen numerous times by the facility medical staff, including a doctor. The doctor prescribed medication, which by plaintiff's own admission has reduced, if not eliminated, his pain. To date, there is no physician's diagnosis characterizing plaintiff's condition as serious. As such, the Court determines that plaintiff has failed to meet his burden with respect to the first, or objective, prong of the test.

The second prong of the Eighth Amendment claim test requires that the defendants have a "sufficiently culpable state of mind" *Wilson*, 501 U.S. at 297. Not only must the defendant "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, . . . he must also draw the inference." *Farmer,* 511 U.S. at 837. Since plaintiff has submitted no evidentiary proof, in admissible form, to show that a substantial risk of serious harm existed, it follows that he has not shown that defendants drew any such inference.

At the heart of plaintiff's complaint is the claim that he was made to wait too long to see a doctor. Even if plaintiff's claim of unreasonable delay is true, such a delay does not rise to the level of deliberate indifference.

> [I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06. The facts in the instant case are similar to those in *Estelle*. In *Estelle*, the Court related the following facts:

> Gamble [the inmate] was seen by medical personnel on 17 occasions spanning a three-month period…. They treated his back injury, high blood pressure, and heart problems….The doctors diagnosed his [back] injury as a lower back strain and treated it with bed rest, muscle relaxants, and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued.

*Estelle*, 429 U.S. at 107-08 (internal citations omitted). As in *Estelle*, plaintiff was seen repeatedly by the medical staff, but claimed that more should have been done to diagnose and treat him. Each also speculated as to what would treatment have been appropriate, in this case a shorter wait for a doctor, and prescription medication. Plaintiff's claim is, at best, an allegation of medical malpractice, which does not rise to the level of an Eighth Amendment violation. *Estelle*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). As such, plaintiff has also failed to meet his burden with respect to the second, or subjective, prong of the test.

## CONCLUSION

Accordingly, defendants' motion for summary judgment is granted.

IT IS SO ORDERED.

Dated: August 23, 2005
Rochester, New York
ENTER:

_Charles Siragusa_
CHARLES J. SIRAGUSA
United States District Judge